IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MARY ANN PARKER,** an individual, ) ) ) **Plaintiff,** ) ) v. ) ) **FRED'S STORES OF TENNESSEE,** ) **INC., a foreign Corporation, and** ) **VMCPP, LLC, a foreign Corporation,** ) ) **Defendant.** ) _____ | Case No. _____ |

## COMPLAINT

Plaintiff, Mary Ann Parker, by and through her counsel as undersigned, hereby files this Complaint and sues Fred's Stores of Tennessee, Inc., a Tennessee Corporation, and VMCPP, LLC, a Mississippi Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("Americans with Disabilities Act" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, Mary Ann Parker, (hereinafter referred to as "Parker" or "Plaintiff") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA and all other applicable Federal statutes and regulations to the extent that she suffers from degenerative mobility impairments associated with complications stemming from multiple hip replacement surgeries which requires her use of a wheelchair or wheeled walker for mobility. Parker also suffers from joint pain, poor circulation and numbness causing limited use of her upper and lower extremities which further complicate her mobility impairments. Parker requires the use of a wheelchair or wheeled walker as her condition absolutely inhibits the major life activity of walking without mechanical assistance and substantially limits her in the exercise of normal bodily functions. Prior to instituting the instant action, Parker visited the premises at issue in this matter, and was denied full, safe, and equal access to the subject property due to the Defendants' lack of compliance with the ADA. Parker continues to desire and intends to visit the Defendants' premises but continues to be denied full, safe, and equal access due the barriers to access that continue to exist.

4. Defendant, Fred's Stores of Tennessee, Inc., is a corporation registered to do business in and, in fact, is conducting business in the State of Alabama. Defendant, VMCPP, LLC, is a limited liability company registered to do business in and, in fact, is conducting business in the State of Alabama. Upon information and belief, Defendant, Fred's Stores of Tennessee, Inc., is lessee and operator of the Fred's discount store which is the subject of this action and Defendant, VMCPP, LLC, is the owner and lessor of the real property and improvements that are the subject of this action (collectively "Defendants"), specifically the Fred's discount store located at 50 Talladega Street, Lineville, Alabama (hereinafter referred to as "Fred's").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I – VIOLATION OF THE ADA

6. On July 26, 1990, President George H.W. Bush signed into law the Americans with Disabilities Act ("ADA"), a comprehensive civil rights law prohibiting discrimination on the basis of disability.

7. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

8. One year after the enactment of the ADA, on July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.[1]

9. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.[2]

10. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and

---

[1] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

[2] The Access Board was established by section 502 of the Rehabilitation Act of 1973. 29 U.S.C. § 792. The Board consists of 13 public members appointed by the President, the majority of whom must be individuals with disabilities, and the heads of the 12 Federal departments and agencies specified by statute, including the heads of the Department of Justice and the Department of Transportation. Originally, the Access Board was established to develop and maintain accessibility guidelines for facilities designed, constructed, altered, or leased with Federal dollars under the Architectural Barriers Act of 1968. 42 U.S.C. § 4151, *et seq*. The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204. The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. § 12134(c), 12186(c), but vests with the Attorney General sole responsibility for the promulgation of those standards that fall within the DOJ's jurisdiction and enforcement of the regulations. The ADA also requires the DOJ to develop regulations with respect to existing facilities subject to Title III.

construction industries, the building code community, and State and local government entities, as well as individuals with disabilities.

11. The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

12. On September 30, 2004, the DOJ issued an advance notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

13. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

14. The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements for readily achievable barrier removal in existing facilities contained in subpart C of 28 CFR part 36.304.[3]

15. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Discount Store owned and operated by the Defendants is a place of public accommodation in that it is a Fred's discount store operated by a private entity that provides clothing,

---

[3] As of March 15, 2012, mandatory and complete compliance with the 2010 Standards is required of existing facilities that fail to comply with the corresponding technical and scoping specifications of the 1991 Standards.

housewares, food, and other related miscellaneous discount merchandise and services to the public.

16. To assist businesses in offsetting the costs associated with complying with the ADA, Section 44 of the IRS Code provides a tax credit for small businesses and Section 190 of the IRS Code provides a tax deduction for all businesses, including the Defendants. The tax credit is available to businesses that have total revenues of $1,000,000 or less in the previous tax year or 30 or fewer full-time employees. This credit can compensate $5,000 of eligible access expenditures made per year. This tax credit is made available to businesses for the express purpose of offsetting the costs of undertaking barrier removal and alterations to improve accessibility for the disabled. A tax deduction of $15,000 per year is available to all businesses and can be claimed by the Defendants for expenses incurred in barrier removal and alterations.

17. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) is readily achievable by the Defendants due to the low costs of removing its existing architectural barriers and the government assistance made available to Defendants pursuant to Section 190 and/or Section 44 of the IRS Code.

18. Defendants have discriminated, and continues to discriminate, against Plaintiff, and others who are similarly situated, by denying equal access to, and full, safe, and equal enjoyment of goods, services, facilities, privileges, advantages and/or

accommodations at the Fred's store in derogation of 42 U.S.C. § 12101 *et seq.*, and as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers where such removal is readily achievable.

19. Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of, the services offered at the Fred's store owned and operated by Defendants. Prior to the filing of this lawsuit and within the applicable statute of limitations period, Plaintiff visited the Fred's store at issue in this lawsuit and was denied equal access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact as a result of the barriers to equal access listed in Paragraph 21, below, that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Fred's store, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Fred's store in violation of the ADA. Parker has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA. Due to the definiteness of her future plans to visit the subject facility, there exists a genuine threat of imminent future injury.

20. Plaintiff resides in rural Clay County, Alabama less than 10 minutes from where the subject facility is located and frequently travels to Lineville.

21. Defendants' subject facility is in violation of 42 U.S.C. § 12181 *et seq.*

and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

a. The designated accessible parking spaces in the parking facility have no access aisles or upright signage;

b. The dressing room lacks the necessary turning space for a wheelchair user;

c. The dressing room lacks the required bench seating necessary for individuals with mobility impairments to utilize the dressing room;

d. The toilet room entry doors have knob hardware that requires tight grasping, pinching and twisting of the wrist to operate and/or lock and unlock;

e. The toilet rooms provided have rear grab bars at the water closet that are too short;

f. The lavatories in the toilet rooms provided are too high for a wheelchair user to reach the faucet.

22. There are other current barriers to equal access and violations of the ADA at the Fred's store owned and operated by Defendants that were not specifically identified herein as Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only after a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be

identified.

23.     The barriers to equal access described herein constitute substantial and pervasive discriminatory barriers to equal access which seriously affect the civil rights of individuals with disabilities, including Plaintiff's. To date, these barriers to access and other violations of the ADA still exist at the subject facility and have not been remedied in such a way as to effectuate compliance with the provisions of the ADA.

24.     Pursuant to the ADA, 42 U.S.C. § 12101 *et seq.*, 28 C.F.R. § 36.304 and/or § 36.401, Defendants were required to remediate the subject facility, a place of public accommodation, to be accessible to persons with disabilities. To date, Defendants have failed to comply with this mandate. [4]

25.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by Defendants, pursuant to 42 U.S.C. § 12205.

26.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority

---

[4] The classification of facilities as "new construction", "alterations", or "existing facilities" under the ADA is neither static nor mutually exclusive. For the purposes of establishing a continuing obligation for barrier removal, newly constructed or altered facilities are also existing facilities. As such, a newly constructed facility is not only subject to the accessibility standards in effect at the time of design and construction, but also after construction, this same facility is *also* an existing facility. Therefore, in addition to the new construction requirements, a public accommodation has a continuing obligation to remove barriers that are deemed barriers, even after construction. Such barriers include but are not limited to the elements that are first covered in the 2010 Standards.

to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the subject property owned and administered by Defendants is violative of the ADA;

B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures toward persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees) and other expenses of suit, to Plaintiff;

E. That the Court award interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

F.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this the 9th day of November 2017.

Respectfully submitted,

By: __/s/ John Allen Fulmer II_____
      John Allen Fulmer II, Esq.
      Alabama State Bar No.: ASB-1089-O42F

**Of Counsel:**
FULMER LAW FIRM, P.C.
PO Box 130373
Birmingham, AL 35213
Telephone: (205) 402-2100
Email: jaf@jafulmerlaw.com